## Newby *v.* Ford, Appellant.

*Carriers—Common carrier—Delivery—Loss.*

If a carrier stipulates to deliver articles at a particular town or warehouse, and does so deliver them, he is exonerated from subsequent loss, though they never came into the possession of the consignee or owner.

Where a carrier contracts to deliver a trunk at a station, and not to the owner at the station, and he delivers the trunk at the baggage room of the station, he is not liable for a subsequent loss of the trunk.

Argued May 7, 1908. Appeal, No. 255, April T., 1908, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1905, No. 347, on verdict for plaintiff in case of Dolly Newby v. H. S. Ford. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit against a carrier for loss of a trunk. Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $100. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff, and in refusing binding instructions for defendant.

*George H. Quaill*, for appellant.

*Geo. J. Campbell*, for appellee.

OPINION BY MORRISON, J., July 15, 1908:

In this action of assumpsit the plaintiff's declaration avers a contract to transport and deliver a trunk from Bellevue borough to her at the Union station in Pittsburg. But the plain, uncontradicted evidence establishes the fact that the plaintiff, through her sister, made a contract with the defendant, a common carrier, to transport two trunks from Bellevue borough and deliver them at the Union station in Pittsburg. It was not a contract to deliver to the plaintiff or anyone else, but at the Union station. The defendant proved clearly and concisely by undisputed testimony that he promptly hauled and delivered the trunks in the proper baggage room at the Union station. When the plaintiff called to identify and have her trunks checked the larger one of the two and its contents had been carried away by someone and she never recovered it. The court below gave a binding instruction that the plaintiff was entitled to recover, and left to the jury only the amount of the verdict which was assessed at $100, and judgment entered thereon.

The counsel for defendant presented four points and under the evidence of both plaintiff and defendant all of these points should have been affirmed, but the learned court refused them all and gave a binding instruction for the plaintiff.

The fourth assignment of error (defendant's fourth point) is: "The learned court erred in refusing defendant's fourth point which was as follows: Under all the evidence in this case the verdict of the jury should be for defendant." *Answer:* refused. It is unnecessary to discuss the other five assignments as the fourth one will dispose of the case. However, the assignments can all be sustained. The defendant appears from the undisputed testimony to have precisely performed his contract. There was no agreement to deliver the trunks

to the plaintiff or anyone else in person at the Union station, but to deliver the trunks at the station, and this was done. There the carrier's duty ended: Graff v. Bloomer, 9 Pa. 114.

In that case the Supreme Court said: "It is settled that if a carrier stipulates to deliver articles at a particular town or warehouse, and does so deliver them, he is exonerated from subsequent loss, though they never come into the possession of the consignee or owner." If the contract had been to deliver at the Union station to the plaintiff the law would be otherwise: Eagle v. White, 6 Whart. 505.

The assignments of error are sustained and the judgment is reversed at the costs of the appellee.